IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| STEPHEN C. GRATZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00645-REP |
| | ) | |
| DIANE GRATZ aka Diana Gratz | ) | |
| | ) | |
| Defendant | ) | |

**ANSWER TO COMPLAINT**

In compliance with the January 30, 2019 order of this Court (Document # 11), Diane Gratz ("Mrs. Gratz" or the "Defendant"), by counsel, reserving all other motions, respectfully represents:

1. She admits paragraph 1.

2. As to paragraph 2:

Sentence 1: admitted.

Sentence 2: "After Virginia died, George married Diane. Diane and George own property in the City of Richmond" is admitted." "[W]hich they use as an office and residence" is denied.

Sentence 3: The allegation that "This case involves Diane's intentional efforts between 2008 and 2014 to interfere with the written and unwritten contracts between Steve and George" is denied.

W. R. Baldwin, III (VSB #16988)
Meyer Baldwin Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3888
Fax: (804) 285-7779
Email (ECF): billbaldwin@comcast.net
Email (Firm): billbaldwin@meyerbaldwin.com
Counsel for the Defendant

Sentence 4: "In furtherance of the scheme to injure Steve's property and contractual rights, Diane has been physically present in Virginia on numerous occasions" is denied in all respects; "Diane has had numerous communications with George over the last ten (10) years while George has been physically present in Virginia" is admitted; "George has been physically present in Richmond at least six (6) times a year" is admitted based on her recollection but she had not kept records of this; "in connection with the properties and business at issue" is denied for lack of knowledge as the complaint does not define which are "the properties and business at issue"; "and Diane has actively participated in the renovation and repair of the properties at issue, including 509 N. Meadow Street, Richmond Virginia" is denied; "allowing George to use her personal property (car" [is admitted]; "and architect's drafting table)" [is denied]; "located in Richmond, Virginia" is admitted as to the location of both the car and the architect's drafting table; "and her interior decorator's license and companies (Evans Gratz Designs) to make discounted purchases for building materials and furnishings in the Commonwealth of Virginia" is denied.

Sentence 5: As to "[i]n addition to her contacts related to Steve's claims, Diane has owned multiple parcels of real estate in Richmond over the years, which she has renovated and sold for an enormous profit" is responded to as follows: "[i]n addition to her contacts related to Steve's claims" is denied because she has no such contacts; "Diane has owned multiple parcels of real estate in Richmond over the years," is admitted using the definition of "multiple" as more than one; " which she has renovated and sold for an enormous profit" is denied as to "renovated" and "enormous profit. "

Sentence 6: "Between August 2012 and the present, Diane has been Director of the Elizabeth Evans Gallery with a place of business in Richmond, Virginia; and

[*https://www.linkedin.com/in/diana-gratz-42952630/*]" is denied as Mrs. Gratz never has had a place of business in Richmond, Virginia called "Elizabeth Evans Gallery" or anything similar, or even any place of business anywhere in Virginia at any time. She admits the Linked-in Web URL address as of the date of response hereto but denies the accuracy of the information there stated as to any activities in either Richmond, Virginia or the state of Virginia.

3. She admits the allegations of fact contained in paragraph 3 and makes no response to any matters of law therein.

4. As to paragraph 4:

a. First sentence ["Diane is subject to personal jurisdiction in the Commonwealth of Virginia pursuant to the long-arm statute, § 8.01-328.1(A)(1), (A)(3) and (A)(4) of the Code, as well as the Due Process Clause of the United States Constitution"] is denied;

b. Second sentence: ("She owns real property in Richmond, Virginia" is admitted; "keeps personal property in Richmond, Virginia" is denied except for the previously mentioned car and architect's table; "and has continuous and systematic contacts with the Commonwealth, such that it is her second home" is denied;

c. Third sentence: "She, directly or by an agent, transacted and transacts business in Richmond, Virginia, relating to the properties at issue" is denied;

d. Fourth sentence: "She, directly or by an agent, committed multiple intentional torts and other wrongful acts in the Commonwealth of Virginia, designed to induce George to breach his agreements with Steve" is denied;

e. Fifth sentence: "She caused tortious injury to Steve by acts outside the Commonwealth" is denied;

f. Sixth Sentence: "She regularly does business, engages in a persistent course of conduct, and derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia" is denied;

g. Seventh Sentence: "Diane has minimum contacts with Virginia such that the exercise of personal jurisdiction over her comports with traditional notions of fair play and substantial justice and is consistent with the Due Process Clause of the United States Constitution" is denied.

5. As to paragraph 5:

a. First Sentence: "Venue is proper in the Richmond Division of the United States District Court for the Eastern District of Virginia" is admitted;

b. Second Sentence: "The properties at issue are located in Richmond, Virginia" is denied because the complaint does not involve a claim to the ownership of any properties, no properties are at issue and no owners of any properties in Richmond, Virginia have been made parties hereto, with the exception of the property with address of 3122 Windmoor Court as to which Mrs. Gratz is an owner as a tenant by the entirety;

c. Third Sentence: "Plaintiff's injuries were sustained in Virginia" is denied;

d. Fourth Sentence: "A substantial part of the events or omissions giving rise to the claims stated in this action occurred in the Eastern District of Virginia within the Richmond Division" is denied.

6. Paragraphs 6-9: She lacks knowledge of and therefore denies the allegations of paragraphs 6-9.

7. Paragraph 10:

First Sentence: "In 2004, George married Diane," Admitted;

Second sentence: "George and Diane moved to Naples, Florida, into George and Virginia's former marital residence, the home Steve grew up in." This is denied. The residence now located at 980 Nelson's Walk, upon information, is not the same as residence in which the Plaintiff lived as a young child; that property was located in Richmond, Virginia. "George and Diane moved to Naples, Florida" is admitted; "into George and Virginia's former marital residence" is denied as upon information the residence now located at 980 Nelson's Walk is not the same as residence in which the Plaintiff lived after moving to Naples from Richmond, Virginia;

Third Sentence: "At all times relevant to this action, Diane had knowledge of Steve and George's agreements relating to the apartment buildings through her conversations with George and her knowledge of his business" is denied.

8. Paragraphs 11-18: Denied for lack of knowledge.

9. Paragraph 19: For sentences 1-6 admitted only that that George and I purchased and renovated a home in Sharon and later sold it; I do not recall the pricing for the renovations but with George's assistance we could probably figure this out;

Sentence 7: "After the real estate market in Connecticut crashed, the property quickly went under water." Denied;

Sentence 8: "With the massive added debt and diminished cash flow from the renovations, Diane began to express concerns over cash flow and her standard of living." Denied.

Sentence 9: "George relayed these concerns to Steve." Denied for lack of knowledge.

Sentences 10-12: "The Sharon Connecticut property was originally listed for sale in 2012 for $7 Million Dollars. George dropped the price each year by $1 Million Dollars. The

property eventually sold in 2016 for $3.1 Million." I deny the first sentence as I do not recall that listing price. I believe the last sentence about the selling price is correct. I do not know the listing history and therefore deny same.

10. I deny the allegations of paragraph 20.

11. I lack knowledge as to and therefor deny the allegations of paragraph 21.

12. As to paragraph 22, I do not recall the visit to Richmond as alleged and therefore deny these allegations. Also as to paragraph 22, my Declaration submitted as Exhibit A to my memorandum in support of my motion to dismiss this case for lack of personal jurisdiction contains what I recall about visits to Richmond and I deny everything to the contrary. I do not recall telling George at this time or any other I wanted to see all the apartment buildings and I deny I ever saw the interior and exterior of every apartment. I do not know anything about the Plaintiff's thoughts about the matters alleged in paragraph 22 or any alleged conversations between George and the Plaintiff and so deny these as well.

13. As to paragraph 23, I lack knowledge and deny for this reason, except I deny I ever told anyone "they" (meaning George and me) were "taking over" the Richmond apartments.

14. I have no knowledge about the allegations of paragraph 24 and deny them for this reason.

15. I deny paragraph 26 and 27 (first sentence: I never came regularly to Virginia at all after 2007 when we sold the property located on Topoan Road); I deny the allegations of the other sentences.

16. I lack knowledge as to the allegations of paragraph 28 (lack of knowledge as to "hardening" of relationship between George and the Plaintiff) and lack knowledge of the balance and therefore deny that as well.

17. I do not have knowledge of the allegations of paragraphs 29-36 and deny same (except as to 36, where I deny the allegations I tried to divide George and the Plaintiff or to take over the apartment business and deny I ever said George and I "would not be having a relationship with Steve or the grandchildren").

18. I have no knowledge as to and therefore deny the allegations of paragraphs 37 and 39.

19. I deny the allegations of paragraph 38. The allegation of paragraph 38 is false because upon information in April of 2014 the Plaintiff made a release agreement with George and in the agreement gave up any claims against George of any kind, which would include the claims "for management fee, 25% of the sale price of any property sold, and "equity in the apartment buildings at George's death. "

20. As to paragraph 40, I agree George goes to Richmond at least six times a year to deal with his properties. I deny the property at Windmoor Court has been used as a business office or residence by me. I deny my personal property is located at Windmoor Court other than the car, which is located wherever George wants it to be and I will defer to him on where the car is located. I do not know nor have I ever been assisting George in managing or operating any properties or any business anywhere in Virginia.

21. I answer paragraph 41 the same way I answered the paragraphs that are restated in paragraph 41.

22. I deny the allegations of paragraphs 42-45.

23. I answer paragraph 46 the same way I answered the paragraphs that are restated in paragraph 46.

24. I deny paragraphs 47-50. As to paragraph 51, I admit it says what the Plaintiff wants from this case but I deny he is entitled to that or any relief.

25. I answer paragraph 52 the same way I answered the paragraphs that are restated in paragraph 52.

26. I deny the allegations of paragraphs 53-54. I do not know and deny everything in the part of the Plaintiff's complaint after paragraph 54. I also deny everything in the "WHEREFORE" clause that is deemed to be an allegation of fact.

27. I deny all complaint allegations that I have not expressly admitted.

Reservation of Rights

28. I am not waiving and specifically am pleading my (and George's, to the extent permissible) marital privileges under Fed. R. Evid. 501 and Virginia Rule of Evid. 2:504.

Affirmative and Other Defenses

29. I reserve all rights to protect my confidential communications with George as he is my husband and these are protected by law.

30. If Stephen C. Gratz has lost anything or suffered any damages this is all due to his own fault and his own actions for which I am not responsible and only he is.

31. As pleaded by the Plaintiff, George Gratz is the one who breached the contracts, not me. I do not think George Gratz breached any contracts with his son the Plaintiff, but George is the person the Plaintiff is really complaining about.

32. I plead the expiration of the statute of limitations as to any claims alleged in the amended complaint.

33. While I deny I have caused any loss to the Plaintiff for any reason, any economic or other losses he claims have did not result from anything he alleges I did or did not do, but,

upon information and belief, this results instead from the terms of a settlement agreement I believe he made with George Gratz and other parties (but not including me) as of April 22, 2014. The parties to this agreement were:

> RELEASE AND SETTLEMENT AGREEMENT
>
> This Release and Settlement Agreement (the "Agreement"), made as of the 22d day of April, 2014, among George O. Gratz ("George"), 1424 Grove, LLC, 2618 Grove, LLC, 104 N. Harvie, LLC, 509 N. Meadow, LLC, 3105-3110 Patterson, LLC (together, these are the "George LLCs"), 1520-1522-3007 Floyd/Patterson, LLC ("1520"), Stephen C. Gratz ("Steve"), Balliceaux, LLC, ("Balliceaux"), 203 Lombardy, LLC ("Lombardy"), VLP Westchester, LLC ("Westchester") and Virginia Lee Properties, LLC ("Virginia Lee"), provides:

Upon information and belief, as a part of that Agreement, Stephen C. Gratz gave the following release (short hand names are the same as set out above under the heading RELEASE AND SETTLEMENT AGREEMENT):

> 15. Releases by Steve. Excepting therefrom only the duties of George and Virginia Lee arising hereunder, Steve hereby releases George, Virginia Lee, the George LLCs, 1520 and Westchester from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity (including by way of illustration and not limitation any agreements of oral trust, to make a will, create or fund any trust, or to purchase or assign any policy of insurance on George's life, regardless of the identity of the beneficiary of any of the foregoing) and existing in any way or form in whole or in part as of the date hereof.

Upon further information and belief, this settlement agreement ended the dispute then pending in this Court as Case No. 3:14-cv-00240-HEH, styled *George R. Gratz v. Balliceaux, LLC et al.* as follows:

> 17. Dismissal of Litigation. Promptly after the execution of this Agreement by all parties, George shall cause his counsel and Balliceaux shall cause its counsel to seek the dismissal without prejudice of that certain case now pending in the United States District Court for the Eastern District of Virginia, Richmond Division, Case No. 3:14-cv-00240-HEH, styled George R. Gratz v. Balliceaux, LLC et al. If the Court does not accept such dismissal order, George and Balliceaux shall cause such case to be dismissed under the provisions of Fed. R. Civ. P. 41(a)(1)(A)(ii) by stipulation of dismissal, such dismissal to be without prejudice.

34. As a result of the above Settlement Agreement, I plead upon information and belief that Stephen C. Gratz, as of April 22, 2014, gave up any claims or causes of action he held against George Gratz, including without limitation his alleged "unwritten agreement with Virginia"

(amended complaint paragraph 8), his "many additional written and unwritten agreements relating to the apartment buildings," (amended complaint paragraph 9), "Steve and George's agreements relating to the apartment buildings," (amended complaint paragraph 10), "George's agreement with Virginia and George's agreements with Steve" (amended complaint paragraph 16), "the long-term goal and agreement to hold the apartment properties until his [George's] death, at which time the properties would transfer to Steve" (amended complaint paragraph 16), " valid contracts and business expectancies, including his interest as a third-party beneficiary of the agreement between George and Virginia and his contracts with George," (amended complaint paragraph 42), "property rights and business expectancies" with or relating to George Gratz" (amended complaint paragraph 44) and otherwise as set forth in the Amended Complaint directly or by inference.

35. Because of that settlement, I think that as of April 22, 2014, Stephen C. Gratz released and gave up all contract rights and expectations against George Gratz and, with that release, there were no longer any contracts, expectations or the like with George with which I possibly could tortiously interfere. Also, I do not think I then could conspire with George Gratz on any matters about Stephen C. Gratz or his property interests, and any claims that the Plaintiff held against me ended with the release.

36. Pleading in the alternative, if under the terms of the above Agreement it remained legally possible for me to interfere tortiously with, or conspire with George Gratz to breach or injure Stephen C. Gratz or his business interests in any way as pleaded under any of the Counts of the Amended Complaint, then as a matter of law any damages suffered by the Plaintiff arose as a result of entering into the Release and Settlement Agreement identified above and not as a result of any actions taken by me alone or in conspiracy with George Gratz and are either non-existent or limited to a nominal amount such as $1.00..

37. What I believe to be a true copy of pages 1-8 of the Release and Settlement Agreement, including signatures, of Stephen C. Gratz and George Gratz and various business entities, including every business entity mentioned by Stephen C. Gratz in his complaint in this case, is attached as Exhibit A. There are various deeds and other agreements that were part of this agreement and while I think the agreement is still in effect, I do not have copies of these other papers because I was not a party. I am sure that Stephen Gratz and his lawyer have these signed papers.

38. While I have denied that that this lawsuit actual alleges a controversy about properties that are truly at issue, the Court will please note that all of the properties that Stephen C. Gratz falsely says are "at issue" in this case are parties to the Release and Settlement Agreement.

WHEREFORE, premises considered, Diane Gratz, by counsel, prays that the Court dismiss the complaint herein with prejudice and that she recover all taxable costs.

DIANE GRATZ

By: /s/ W. R. Baldwin, III
Counsel

W. R. Baldwin, III (VSB #16988)
Meyer Baldwin Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3888
Fax: (804) 285-7779
Email (ECF): billbaldwin@comcast.net
Email (Firm): billbaldwin@meyerbaldwin.com
Counsel for the Defendant

**CERTIFICATE OF SERVICE**

I certify that on February 8, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net

And I certify that I will mail the document by U.S. mail to the following non-filing user: n/a.

/s/ W. R. Baldwin, III

W. R. Baldwin, III (VSB #16988)
Meyer Baldwin Long & Moore, LLP 5600
Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3888
Fax: (804) 285-7779
Email (ECF): billbaldwin@comcast.net
Email (Firm): billbaldwin@meyerbaldwin.com
Counsel for Diane Gratz