# Exhibit A

Original
Agreement

6/2/14

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "Agreement"), made as of the 22d day of April, 2014, among George O. Gratz ("George"), 1424 Grove, LLC, 2618 Grove, LLC, 104 N. Harvie, LLC, 509 N. Meadow, LLC, 3105-3110 Patterson, LLC (together, these are the "George LLCs"), 1520-1522-3007 Floyd/Patterson, LLC ("1520"), Stephen C. Gratz ("Steve"), Balliceaux, LLC, ("Balliceaux"), 203 Lombardy, LLC ("Lombardy"), VLP Westchester, LLC ("Westchester") and Virginia Lee Properties, LLC ("Virginia Lee"), provides:

### RECITALS:

A. George is a citizen and resident of Florida, is the owner of 100% of the equity interest of the George LLCs, 100% of the equity interest of 1520 and one-half of the equity interest of Westchester. All of these LLCs are Virginia limited liability companies.

B. Steve is a citizen and resident of Virginia and is the owner of 100% of the equity interest of Balliceaux, 100% of the equity interest of Lombardy and 100% of the equity interest of Virginia Lee and is the owner of one-half of the equity interest of Westchester. All of these LLCs are Virginia limited liability companies.

C. 1520 and Lombardy are tenants in common in that certain real estate located in the City of Richmond, Virginia commonly known as Nos. 201 and 203 North Lombardy Street, Tax Map Number W0000610031 (the "Lombardy Property").

D. Certain differences have arisen among George and Steve and the business entities party to this Agreement (collectively, these business entities are the "Entities") and George and Steve and the Entities are desirous of resolving these differences by the execution of this Agreement and duties required hereunder.

NOW, THEREFORE, in consideration of the above recitals and the terms of this Agreement, and other good and sufficient consideration, the receipt of which is acknowledged, the parties agree:

### AGREEMENT:

1. Recitals. The parties agree the above recitals are true and they are incorporated by reference as a material part of this Agreement.

2. Representations by George. George represents to Steve, knowing Steve is relying thereon, the truth of the above recitals as to his equity ownership interests in and to the Entities. George further represents to Steve that George has made no assignment or other contract respecting such equity ownership interests and that there are no liens upon any of such equity ownership interests, as security interests, writs of fieri facias, tax liens or otherwise. George further represents he owns 100% of the beneficial interest in and to that certain Note made by Balliceaux, dated July 27, 2009, in the principal amount of $700,000.00 payable to the order of George O. Gratz (the "Balliceaux Note"), that George has made no assignment or other contract

respecting his ownership of the Note, and that there are no liens upon his ownership interest therein as security interests, writs of fieri facias or the like, tax liens or otherwise. George has full authority to enter into this Agreement both in his individual capacity and in a representative capacity with respect to any entities party to this Agreement for which he is acting.

3. Representations by Steve. Steve represents to George, knowing George is relying thereon, the truth of the above recitals as to his equity ownership interests in and to the entities. Steve further represents to George that Steve has made no assignment or other contract respecting such equity ownership interests and that there are no liens upon any of such equity ownership interests, as security interests, writs of fieri facias or the like, tax liens or otherwise. Steve has full authority to enter into this Agreement both in his individual capacity and in a representative capacity with respect to any entities party to this Agreement for which he is acting.

4. Gifts by or to be Caused by George. George agrees to give to Steve 100% of George's interest in the Balliceaux Note by the execution and delivery of that certain Gift Assignment in form attached hereto as Schedule 1. Promptly following the execution of this Agreement, George agrees to deliver to Steve the original of the Balliceaux Note and, should the same be unavailable, to deliver to Steve a copy of the Balliceaux Note with lost note affidavit meeting the requirements of Va. Code §8.3A-309. George further agrees to cause 1520 to give to Lombardy, by Deed of Gift, all of the fee ownership of 1520 in and to the Lombardy Property, by the execution and delivery of that certain Deed of Gift in form attached hereto as Schedule 2.

5. Gifts by or To Be Caused by Steve. Steve agrees to give to George 100% of Steve's membership interest in Westchester by the execution and delivery of that certain Gift Assignment in form attached hereto as Schedule 3. Steve resigns as manager of Westchester effective upon his delivery of Schedule 3 to George. Both Steve and George have executed this agreement in their capacity as the sole members of Westchester to evidence their consent to this transaction and agreement that, if and to the extent required, the operating agreement of Westchester shall be deemed to be amended to the extent necessary to accomplish this result.

6. Sale of Equity of Virginia Lee. Steve agrees to sell to George 100% of the ownership interest in and to Virginia Lee for the sum of $20,000.00, $10,000.00 of which is due from George upon delivery to George of a Bill of Sale executed by Steve in form attached hereto as Schedule 4 and $10,000.00 of which by the contemporaneous delivery by George to Steve of a $10,000.00 Note executed by George in form attached hereto as Schedule 5. Steve hereby grants to George a special power of attorney to effect any changes necessary or desired on the books and records or operating agreement of Virginia Lee to accomplish this result that are consistent with this Agreement. Steve resigns as manager of Virginia Lee effective upon his delivery of Schedule 5 to George.

7. Duties of Lombardy. Lombardy agrees to assume all obligations of 1520 with respect to 1520's status as co-owner with Lombardy of the real estate described in Schedule 2, and to hold 1520 and George harmless with respect thereto, including without limitation any matters relating to rent paid or due from tenants, duties to tenants, payment of real estate taxes, insurance premiums, and zoning or other regulatory matters.

8. Duties of Virginia Lee. Virginia Lee shall cause to be paid, or reimbursed as the case may be, any and all statements for legal services, consulting agreements and related expenses due to or billed by the law firms of Spotts Fain, P.C., Blackburn, Conte, Schilling & Click, P.C., or LeClairRyan, P.C., not, however, to exceed the total sum of $25,000.00, with such payments to be made promptly after the execution hereof. Virginia Lee promptly shall pay to Lombardy (or cause to be paid) security deposits held for units 1 and 3 at Lombardy and Lombardy shall assume all responsibility with respect thereto. Virginia Lee hereby releases any claim or right as landlord for any tenants for the Lombardy Property and is not required to perform any duties as landlord with respect to the Lombardy Property effective as of the execution hereof.

9. Releases by Lombardy. Excepting therefrom only the duties of 1520, George and Virginia Lee arising hereunder, Lombardy hereby releases 1520, George and Virginia Lee from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity, existing in any way or form in whole or in part as of the date hereof.

10. Releases by Balliceaux. Excepting therefrom only the duties of George, 1520 and Virginia Lee arising hereunder, Balliceaux hereby releases George, 1520 and Virginia Lee from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity, existing in any way or form in whole or in part as of the date hereof.

11. Releases by 1520. Excepting therefrom only the duties of Balliceaux, Lombardy and Steve arising hereunder, 1520 hereby releases Balliceaux, Lombardy and Steve from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity, existing in any way or form in whole or in part as of the date hereof.

12. Releases by Westchester. Excepting therefrom only the duties of Steve arising hereunder, Westchester hereby releases Steve from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity, existing in any way or form in whole or in part as of the date hereof.

13. Releases by Virginia Lee. Excepting therefrom only the duties of Steve, Balliceaux and Lombardy arising hereunder, Virginia Lee hereby releases Steve, Balliceaux and Lombardy from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity, existing in any way or form in whole or in part as of the date hereof.

14. Releases by George. Excepting therefrom only the duties of Lombardy, Steve and Balliceaux (excluding payment of the Balliceaux Note) arising hereunder, George hereby releases Balliceaux, Lombardy and Steve from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not,

liquidated or not, sounding in law or in equity and existing in any way or form in whole or in part as of the date hereof.

15. Releases by Steve. Excepting therefrom only the duties of George and Virginia Lee arising hereunder, Steve hereby releases George, Virginia Lee, the George LLCs, 1520 and Westchester from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity (including by way of illustration and not limitation any agreements of oral trust, to make a will, create or fund any trust, or to purchase or assign any policy of insurance on George's life, regardless of the identity of the beneficiary of any of the foregoing) and existing in any way or form in whole or in part as of the date hereof.

16. Releases by the George LLCs. Excepting therefrom only the duties of Steve arising hereunder, the George LLCs hereby release Steve from any and all claims, demands, liabilities, obligations, duties and causes of actions of whatsoever kind, known or unknown, accrued or not, liquidated or not, sounding in law or in equity and existing in any way or form in whole or in part as of the date hereof.

17. Dismissal of Litigation. Promptly after the execution of this Agreement by all parties, George shall cause his counsel and Balliceaux shall cause its counsel to seek the dismissal without prejudice of that certain case now pending in the United States District Court for the Eastern District of Virginia, Richmond Division, Case No. 3:14-cv-00240-HEH, styled George R. Gratz v. Balliceaux, LLC et al. If the Court does not accept such dismissal order, George and Balliceaux shall cause such case to be dismissed under the provisions of Fed. R. Civ. P. 41(a)(1)(A)(ii) by stipulation of dismissal, such dismissal to be without prejudice.

18. Use of Virginia Lee Employees. During the period ending December 31, 2015, Virginia Lee agrees, subject to its needs, to make available VLP employees for the benefit of Steve during regular business hours for work on matters related to the real property located at 203 North Lombardy in the City of Richmond, on the following terms only:
    a. Each request for the use of Virginia Lee employees will be in writing (emails and faxes count as writing, cell phone texts do not), addressed to Virginia Lee's office manager, summarizing work to be done and anticipated time for work;
    b. Employees will remain under control of Virginia Lee at all times, but at Virginia Lee's option its employees may perform tasks as directly designated by Steve;
    c. Virginia Lee will bill Steve for services performed by its employees at Virginia Lee's usual rates, including travel; payment per terms of Virginia Lee invoices is required; Steve is responsible for payment of all invoices even if services are rendered to a legal entity other than Steve; on failure to make payment per terms of invoices Virginia Lee at its option may suspend future availability of its employees without prejudice to sums then due;
    d. Steve will indemnify and hold Virginia Lee harmless for any and all claims arising out of any work done by VLP employees when work is requested by Steve;
    e. Virginia Lee at any time may end or limit services provided to Steve if Virginia Lee decides to contract out all or a portion of its maintenance services and
    f. This arrangement does not affect services rendered by Virginia Lee employees after regular business hours; for work after regular business hours Steve may arrange

for direct employment of Virginia Lee employees on an individual basis as may be agreed by them Steve and these employees will be acting as independent contractors (and not as employees of Virginia Lee) for all such after hours work.

19. Additional Matters for Benefit of Steve. Steve may use the office, basement storage and apartment at 509 N. Meadow Street, without charge, through July 31, 2014; Steve must vacate Meadow, including the removal of all items, by July 31, 2014 and there shall be no holdover. Additionally, Steve may use the basement at 1118 Grove Avenue for storage, consistent with his current usage, without charge through December 31, 2014. Steve's usage rights are subordinate to the rights of Ramiro Sanchez, who also uses space at 1118 Grove Avenue. Specifically, Steve is required to adjust his space usage to accommodate the needs of Mr. Sanchez. Steve assumes all risks of such use of 509 N. Meadow and 1118 Grove and these transactions shall be deemed to be for the benefit of Steve only.

20. Notices. Any notice required or permitted to be given hereunder or related hereto shall be deemed to have been given when and only when, and as of the date, such notice is (a) delivered by hand (to include delivery by Federal Express or similar quality service) or (b) sent by electronic mail, addressed as follows:

If to one or more of George, the George LLCs, Virginia Lee, 1520 or Westchester:

> George O. Gratz
> 980 Nelson's Walk
> Naples, FL 34102
> Electronic Mail: georgegratz@comcast.net

If to one or more of Steve, Balliceaux or Lombardy:

> Stephen O. Gratz
> 4826 Stony Point Road
> Barboursville, Virginia 22923
> Electronic Mail: stevegratz@verizon.net.

Notwithstanding the foregoing, any notice (whether given by hand or by electronic mail) given on a Saturday, a Sunday or a legal holiday as defined in Va. Code § 2.2-3300 in effect as of the date hereof (or any successor thereto) shall be deemed to have been given on the next immediately following day that is not a Saturday, a Sunday or a legal holiday. Text messages given by telephone are not electronic mail for purposes of notice. Any party desiring to change address for purposes of notice shall give notice of such change of address in the foregoing manner and the effective date of such notice of change of address shall be five calendar days after such notice is given.

21. Advice of Counsel. The parties acknowledge and agree having the benefit of advice of counsel in connection with their decision to enter into and execute this Agreement.

22. Merger. This Agreement (including all documents and instruments referred to

5

herein) constitutes the entire and only agreement of the parties on the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, both written and non-written, among the parties with respect hereto. This Agreement may only be amended by a written instrument executed by the parties.

23.   Interpretation. The parties acknowledge that counsel for George prepared the initial draft of this Agreement, agree that fact shall not in any way be construed against George as a result, agree that all parties played a material role in the preparation of the execution original of this Agreement, and agree this Agreement shall be construed under the "plain meaning" rule of contract interpretation without parol evidence to vary or change the terms hereof.

24.   Disputes. Any litigation arising under or related to this Agreement or the subject matter hereof shall be brought and remain only in the Circuit Court of the City of Richmond, Virginia or, if applicable, the United States District Court for the Eastern District of Virginia. In the event of any such litigation THE PARTIES WAIVE TRIAL BY JURY OF ANY AND ALL DISPUTES OR ISSUES AND AGREE THAT ALL SUCH MATTERS SHALL BE TRIED AND DECIDED SOLELY BY A JUDGE SITTING WITHOUT A JURY.

The parties further agree that in any such litigation the substantially prevailing party or parties (as determined by the judge alone) shall be entitled to recover from the nonprevailing party or parties (also as determined by the judge alone) reasonable attorneys' fees and all other reasonable costs and expenses related to the litigation. The parties acknowledge that relief by way of the award of damages alone in the event of breach of this Agreement is not adequate to accomplish the goals of this Agreement. The parties thus agree that specific performance and other equitable relief is necessary and shall be available in addition to and notwithstanding the availability of damages.

25.   Assumption of Risk. The parties warrant and represent, each to the others, that in determining whether to enter into this Agreement they have not relied in whole or in part upon the truth or validity of any representation made by any person on any subject matter whatsoever, excepting solely representations expressly contained herein. The Parties each acknowledge and accept that all or certain of the facts under which this Agreement has been reached may hereafter prove to be different than currently known or understood. All parties expressly accept this possibility and all parties agree that all terms of this Agreement nevertheless shall remain effective in all respects.

26.   Severability. Any part of this Agreement that is invalid or unenforceable shall be ineffective to the extent of such invalidity or unenforceability only without, however, rendering invalid or unenforceable the remainder of this Agreement.

27.   Further Documentation. The parties agree to execute such additional and further documents as in the reasonable opinion of counsel for any of the parties may be necessary to effect the purposes of this Agreement and which is consistent with the terms hereof.

28.   Choice of Law. This Agreement is made and shall be construed under the laws of the Commonwealth of Virginia without regard to any principles of conflicts of law.

29. Headings. Headings are for convenience in reference only and are not a part of this Agreement.

30. This Agreement is made in six execution originals, of which this is No. ①, and all parties acknowledge they have received either an execution original or a true copy hereof.

Witness the following signatures effective as of the date set forth above:

[Remainder of Page Intentionally Left Blank]

_____
George O. Gratz

**1424 Grove, LLC**

By: _____
Title: George O. Gratz, Manager and Sole Member

**2618 Grove, LLC**

By: _____
Title: George O. Gratz, Manager and Sole Member

**104 N. Harvie, LLC**

By: _____
Title: George O. Gratz, Manager and Sole Member

**509 N. Meadow, LLC**

By: _____
Title: George O. Gratz, Manager and Sole Member

**3105-3110 Patterson, LLC**

By: _____
Title: George O. Gratz, Manager and Sole Member

**1520-1522-3007 Floyd/Patterson, LLC**

By: _____
Title: George O. Gratz, Manager and Sole Member

_____
Stephen C. Gratz

**Balliceaux, LLC**

By: _____
Title: Stephen C. Gratz, Manager and Sole Member

**203 Lombardy, LLC**

By: _____
Title: Stephen C. Gratz, Manager and Sole Member

**Virginia Lee Properties, LLC**

By: _____
Title: Stephen C. Gratz, Manager and Sole Member

**VLP Westchester, LLC**

By: _____
Title: Stephen C. Gratz, Member

By: _____
Title: George O. Gratz, Member

8