IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STEPHEN C. GRATZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-645-REP |
| ) | |
| ) | |
| DIANE GRATZ a/k/a ) | |
| DIANA GRATZ ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Stephen C. Gratz ("Steve"), by counsel, pursuant to Local Civil Rule 7(F), respectfully submits the following Memorandum in Opposition to the motion to dismiss [*ECF No. 12*] filed by defendant, Diane Gratz ("Diane").

## **I. INTRODUCTION**

On September 21, 2018, Steve commenced this action by filing a three-count complaint against Diane for tortious interference with contract, business conspiracy and common law conspiracy. [*ECF No. 1*]. On January 22, 2019, Steve amended his complaint. Steve alleges that between 2008 and 2014, Diane intentionally interfered with and induced George Otto Gratz ("George") to breach certain written and unwritten contracts relating to an apartment building business located in Richmond, Virginia, causing Steve damage. [*ECF No. 9 ("Amended Complaint"), ¶¶ 2, 10, 12, 16, 20, 21, 23, 25, 26, 27, 28, 30, 31, 34, 35, 36, 38, 39, 40*].

1

On February 8, 2019, Diane filed an answer and motion to dismiss Steve's complaint for lack of personal jurisdiction. [*ECF Nos. 12, 14*].

This matter is before the Court on Diane's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Rules"). Diane's motion should be denied.

## II.  PRINCIPLES OF LAW AND ARGUMENT

### A. *Diane Is Subject To Personal Jurisdiction in Virginia*

Once a defendant has challenged the existence of personal jurisdiction, the plaintiff bears the burden of demonstrating jurisdiction. *Mylan Labs. Inc. v. Akzo. N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). Where, as here, the Court addresses the question on the basis only of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima face showing of a sufficient jurisdictional basis to survive the challenge. *New Wellington Fin. Corp. v. Flagship Resort Dev. Co.*, 416 F.3d 290, 294 (4th Cir. 2005) (citations and quotations omitted). Under such circumstances, the Court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. *Id.* (citations and quotations omitted). "If a plaintiff makes the requisite showing, the defendant then bears the burden of presenting a 'compelling case,' that, for other reasons, the exercise of jurisdiction would be so unfair as to violate due process." *Reynolds Foil, Inc. v. Pai*, 2010 WL 1225620, at *1 (E.D. Va. 2010) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477-78 (1985)).

In order for a Court to exercise personal jurisdiction over a defendant, the exercise of that jurisdiction must both be authorized by state law and comport with the Due Process Clause of the Fourteenth Amendment. *Id.* The exercise of jurisdiction in Virginia is governed by the Commonwealth's long-arm statute (Va. Code § 8.01-328.1),[1] which has been held to extend personal jurisdiction to the full extent permitted by Due Process. *Id.*; *Roche v. Worldwide Media, Inc.*, 90 F. Supp. 2d 714, 716 (E.D. Va. 2000). Since Virginia's long-arm statute is co-extensive with the strictures of Due Process, Courts collapse the two-part analysis into one inquiry. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) ("Because Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, 'the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one.'") (quoting *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996)); *see Reynolds Metals Co. v. FMALI, Inc.*, 862 F. Supp. 1496, 1498 (E.D. Va. 1994) (citing *Peanut Corp. of America v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1981)).

Diane concedes in her answer [*ECF No. 14 ("Answer")*] that she owns real and personal property in Virginia and that she transacted business in Virginia during the relevant time frame and today. Accordingly, the inquiry becomes whether Diane and her

---

[1] Virginia's long-arm statute permits the Court to exercise personal jurisdiction over non-residents, like Diane, who act directly or by an agent as to a cause of action arising from the person's (1) transacting "any" business in Virginia, (2) causing tortious injury by an act or omission in the Commonwealth, or (3) causing tortious injury in the Commonwealth by an act or omission outside the Commonwealth "if [they] regularly [do] … business, or engage[] in any other persistent course of conduct". *§§ 8.01-328.1(A)(1), (A)(3), and (A)(4) of the Virginia Code*. Section 8.01-328.1 of the Virginia Code is a "single-act" statute, requiring only one transaction in Virginia to confer jurisdiction. *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319, 512 S.E.2d 560 (1999).

agent and co-conspirator, George, maintain sufficient minimum contacts with Virginia so as not to offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

### 1. *Due Process Standard*

The requirements of the Due Process clause can be met through establishing either specific or general jurisdiction. Specific jurisdiction exists where the controversy at issue arises out of sufficient contacts with the state to make the exercise of jurisdiction reasonable. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-415 (1984). Alternatively, general jurisdiction can exist, even where a claim does not arise from a defendant's interactions with the state, where she has sufficient continuous and systematic contacts with the state to satisfy Due Process. *Id.* General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [her] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

#### a. *General Jurisdiction*

Steve alleges that Diane's contacts with Virginia were and are continuous and systematic. Specifically, Steve alleges that Diane owns real property located in the City of Richmond, Virginia, which she uses as an office and residence, that she keeps her car in Richmond, Virginia, which she allows George to drive when he is in Richmond conducting the apartment building business. Steve highlights the fact that Richmond, Virginia, is Diane's second home. Steve further claims that Diane has been physically

4

present in Virginia on numerous occasions; that Diane has had numerous communications with George over the last ten (10) years while George has been physically present in Virginia conducting apartment building business; that George has been physically present in Richmond, Virginia, at least six (6) times a year in connection with the properties and business at issue in this case; that Diane has actively participated in the renovation and repair of the properties at issue, including 509 N. Meadow Street, Richmond Virginia, allowing George to use her personal property (car and architect's drafting table) located in Richmond, Virginia, and her interior decorator's license and companies (Evans Gratz Designs) to make discounted purchases for building materials and furnishings in the Commonwealth of Virginia; and that Diane has actively assisted George in the management and operation of the apartments in Virginia that were formerly the subject of Steve and George's agreements. In addition to her contacts related to Steve's claims of tortious interference and conspiracy, Steve alleges that Diane has owned multiple parcels of real estate in Richmond over the years, which she has renovated and sold. Further, Steve points to the fact that Diane has been Director of the Elizabeth Evans Gallery which, according to Diane's published LinkedIn profile, clearly does business in "Richmond, Virginia". [https://www.linkedin.com/in/diana-gratz-42952630/]. [*Amended Complaint, ¶¶ 2, 4, 40*].[2]

Diane admits that she currently owns property in the City of Richmond, Virginia; admits that she has had numerous communications with George over the last ten (10)

---

[2] This Opposition is supported by the Declaration of Stephen C. Gratz, attached as *Exhibit "A"*. A true copy of Diane's current LinkedIn profile is attached hereto as *Exhibit "B"*. In her unsworn declaration [*ECF No. 13-1, ¶ 6(b)*], Diane attempts to blame the express reference to "Richmond, Virginia" in Diane's LinkedIn profile on a "marketing advisor".

years while George has been physically present in Virginia; admits that George has been physically present in Richmond at least six (6) times a year; admits that she has allowed George to use her car, which, together with other personal property, she keeps in the City of Richmond, Virginia; and admits that she has owned multiple parcels of real estate in Richmond over the years. [*Answer, ¶ 2, Sentence 2*; *¶ 2, Sentence 4*; *¶ 2, Sentence 5*; *¶ 4(a)*; *¶ 4(b)*; *¶ 5(b)*; *¶ 20*; *ECF No. 13-1 (Unsworn Declaration of Diane Gratz)*; *ECF No. 13-3 (Deeds to Real Estate)*]. Diane also admits that venue is proper in the Richmond Division of the United States District Court for the Eastern District of Virginia. [*Id., ¶ 5(a)*]. Since venue is based upon 28 U.S.C. § 1391(b)(2), Diane necessarily admits that a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" within the Eastern District of Virginia.[3]

Viewing the facts in a light most favorable to Steve, Diane clearly has continuous and systematic contacts with Virginia, including the ownership of real property since December 2014, sufficient to establish general jurisdiction.

---

[3] Although beyond the scope of Diane's motion, Steve would also point out that the release and settlement agreement, attached to Diane's answer as Exhibit A [*ECF No. 15*], contains the following choice of law provision:

> 24. Disputes. Any litigation arising under or related to this Agreement or the subject matter hereof shall be brought and remain only in the Circuit Court of the City of Richmond, Virginia or, if applicable, the United States District Court for the Eastern District of Virginia. In the event of any such litigation THE PARTIES WAIVE TRIAL BY JURY OF ANY AND ALL DISPUTES OR ISSUES AND AGREE THAT ALL SUCH MATTERS SHALL BE TRIED AND DECIDED SOLELY BY A JUDGE SITTING WITHOUT A JURY.

In the release and settlement agreement, Steve did not release any claims against Diane, and, indeed, Diane does not raise the legal defense of accord and satisfaction or release as to her in her responsive pleading pursuant to Rule 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including … accord and satisfaction … release"). [*See Answer, ¶¶ 29- (Affirmative and Other Defenses)*].

      **b.**    *<u>Specific Jurisdiction</u>*

In determining whether specific jurisdiction exists, a Court looks to: (1) the extent to which the defendant has purposely availed herself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be Constitutionally "reasonable." *New Wellington*, 328 F.2d at 618; *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414 & nn. 8-9 (1984)). With respect to the first factor, "no clear formula [exists] for determining what constitutes 'purposeful availment.'" *Reynolds Foil, Inc.*, 2010 WL 1225620, at *2. The Court, however, may consider whether the defendant maintains offices or agents in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the defendant made in-person contact with a resident of the forum in the forum state regarding the business relationship; the nature, quality, and extent of the parties' communications about the relevant transactions. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal citations omitted). The second prong of the test for specific jurisdiction "requires that the defendant's contacts with the forum state form the basis of the suit. *Burger King*, 471 U.S. at 472; *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414. The third prong of the specific jurisdiction test permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there. Specifically, the court may

consider: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and, (5) the interests of the states in furthering substantive social policies. *Burger King*, 471 U.S. at 477.

Again, viewing the facts in the light most favorable to Steve, the complaint alleges that Diane, directly or by an agent and co-conspirator in Virginia (George), purposefully caused tortious injury in Virginia, including the loss of valuable contract/property rights. The maintenance of this action, therefore, does not offend traditional notions of fair play and substantial justice. *See, e.g., Verizon Online Services, Inc. v. Ralsky*, 203 F.Supp.2d 601 (E.D. Va. 2002) ("Defendants Ralsky, McDonald and Additional Benefits are alleged to have been involved in a conspiracy to transmit the UBE at issue here. *See Ethanol Partners Accredited v. Wiener, Zuckerbrot, Weiss & Brecher*, 635 F. Supp. 15, 18 (E.D. Pa. 1995) ("When co-conspirators have sufficient contacts with the forum, so that due process would not be violated, it is imputed against the 'foreign' co-conspirators who allege there is [sic] not sufficient contacts; co-conspirators are agents for each other.")); *International Bancorp v. Societe Des Bains De Mer*, 192 F. Supp.2d 467, 477 (E.D. Va. 2002) (piercing the corporate veil is a permissible means of conferring jurisdiction in a forum over the alter ego of a company that is subject to jurisdiction in the forum); *Krantz v. Air Line Pilots*, 245 Va. 202, 427 S.E.2d 326 (1993) (entry of message on computer in New York with the knowledge that persons in Virginia would transmit negative comments about the plaintiff and thereby interfere with plaintiffs prospective employment subject New York resident to personal

8

jurisdiction in Virginia); *iDefense, Inc. v. The Dick Tracy Group*, 58 Va. Cir. 138 (2002) (Hudson, J.) (the fact that the defendants were physically present elsewhere when they completed the alleged torts does not divest the Court of jurisdiction); *North Fork Shenandoah, Inc. v. Bunning*, 7 Va. Cir. 327 (1986) (Whiting, J.) (same).

In *North Fork Shenandoah, Inc. v. Bunning*, the Circuit Court determined that a California resident was subject to personal jurisdiction in Virginia. Then-Judge Whiting ruled that the plaintiff had alleged a conspiracy between the defendants to breach an employment contract by acts of disloyalty in Virginia. Accordingly, the non-resident, who had never set foot in state, was subject to personal jurisdiction because he "has acted in Virginia through [his] agent … a co-conspirator." (citing *Neilson v. Sal Martorano*, 319 N.Y. Supp.2d 480, 481 (1971) (non-resident defendant conspired with her brother to effect fraudulent conveyances in New York)); *see id. Kohler Co. v. Kohler Int'l*, 196 F. Supp.2d 690 (N.D. Ill. 2002) (Court may assert jurisdiction over all of the coconspirators, both resident and non-resident, based on their involvement in a conspiracy which occurred within the forum); *Motorola Credit Corporation v. Nokia Corporation*, 2002 WL 31319932 (S.D.N.Y. 2002) (given the joint conspiracy, this is more than sufficient to subject all the defendants to personal jurisdiction pursuant to the long-arm statute); *Dodson International Parts, Inc. v. Altendorf*, 181 F. Supp.2d 1248 (D. Kan. 2001) (same); *General Motors Corporation v. Ignacio Lopez De Arriortua*, 948 F.Supp. 656 (E.D. Mich. 1996) (acts of foreign automaker's employees were attributed to their alleged co-conspirators); *Ghazoul v. International Management Serv., Inc.*, 398 F. Supp. 307 (S.D.N.Y. 1975); *see also Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 42 P.3d 1221 (2002) (plaintiff presented prima facie evidence that the non-resident defendant had

knowledge of, and participated in, an alleged agreement to intentionally interfere with the plaintiffs contracts); *Execu-Tech Business Systems, Inc. v. New ani Paper Co.*, 752 So.2d 582 (Fla. 2000) (foreign defendant, who sold no goods and had no office in the United States and directed no conduct towards forum, was nonetheless subject to personal jurisdiction in Florida because of acts of co-conspirator); *Rudo v. Stubbs*, 221 Ga.App. 702, 472 S.E.2d 515 (1996) (in-state acts of resident co-conspirator may be imputed to a non-resident co-conspirator to satisfy jurisdictional requirements) (numerous citations omitted).

Finally, given her significant contacts with Virginia, the exercise of personal jurisdiction over Diane would not be unreasonable. She owns property in Virginia. The apartment buildings at issue are located in Richmond, Virginia. Diane admits that this is the proper venue for the case.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Steve respectfully requests the Court to deny Diane's motion to dismiss.

DATED: February 22, 2019

Signature of Counsel on Next Page

STEPHEN C. GRATZ

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF System, which will send notice to counsel for all parties, and was served electronically in PDF upon counsel for the Defendant.

By: */s/Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*