IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN C. GRATZ,

    Plaintiff,

v.                                                       Civil Action No. 3:18-cv-645

DIANE GRATZ,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's MOTION UNDER RULE 12(B)(2) TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION (the "MOTION") (ECF No. 12). For the following reasons, the MOTION will be denied.

**BACKGROUND**

Stephen Gratz ("Steve") filed this action against his stepmother Diane Gratz ("Diane") for tortious interference with contract, business conspiracy, and common law conspiracy.[1] See generally Am. Compl. (ECF No. 9). Steve alleges that Diane interfered with contracts that Steve had with his father, George Gratz ("George"),[2] pertaining to various real estate holdings of Steve and George in Virginia. Id. ¶¶ 41-54. The nub of Steve's

---

[1] For clarity, the Court follows the lead of the AMENDED COMPLAINT by referring to the Plaintiff as "Steve" and the Defendant as "Diane."

[2] George married Diane after the death of his wife (Steve's mother) in 2003. Am. Compl. ¶¶ 1-2.

case is that Diane intentionally drove a wedge between Steve and George, causing George to violate or terminate various contracts and thereby causing losses to Steve. See id.

Steve asserts that the Court has personal jurisdiction over Diane pursuant to Virginia's long-arm statute, Va. Code §§ 8.01-328.1(A)(1), (A)(3), and (A)(4), and the Due Process Clause of the United States Constitution. Am. Compl. ¶ 4. He alleges that Diane, who lives in and is a citizen of Florida, id. ¶ 2, owns real property in Richmond; keeps personal property in Richmond; and has "continuous and systematic contacts with the Commonwealth such that it is her second home." Id. Further, he alleges that Diane, directly or through an agent, transacted business in Richmond relating to the properties at issue, committed intentional torts and other wrongs in the Commonwealth, caused tortious injury to Steve by acts outside the Commonwealth, regularly does business and derives substantial revenues from actions within the Commonwealth, and has minimum contacts with Virginia. Id.

Diane moves to dismiss the AMENDED COMPLAINT for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). ECF

No. 12. The parties have fully briefed the MOTION and it is ripe for decision.[3]

**THE STANDARD GOVERNING FED. R. CIV. P. 12(b)(2)**

Where, as here, the Court considers a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction "on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." <u>Consulting Eng'rs Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 276 (4th Cir. 2009) (citation omitted). Like Fed. R. Civ. P. 12(b)(6), at this "preliminary stage, even when the motion is accompanied by affidavits, we give the plaintiffs' allegations a favorable presumption, taking the allegations in the light most favorable to the plaintiff." <u>Sneha Media & Entm't, LLC v. Associated Broad. Co. P LTD</u>, 911 F.3d 192, 196 (4th Cir. 2018).

**DISCUSSION**

Under the foregoing authority, at this stage of the case, Steve must make a prima facie showing that the Court has personal jurisdiction over Diane. As set forth below, construing Steve's allegations in the light most favorably to him, the Court concludes

---

[3] At the initial pretrial conference on March 20, 2019, the parties informed the Court that they did not request oral argument on the MOTION.

that Steve has made such a showing as to specific personal jurisdiction, but not as to general personal jurisdiction.

I. **Framework for Personal Jurisdiction Analysis**

Federal courts exercise personal jurisdiction to the extent allowed under state law for the state in which they sit. See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp, 416 F.3d 290, 294 (4th Cir. 2005); Gillison v. Lead Express, Inc., No.3:16cv41, 2018 WL 6537151, *5 (E.D. Va. Dec. 12, 2018). Personal jurisdiction must comport with both state law and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. New Wellington, 416 F.3d at 294. Thus, the Court must first look to Virginia's long-arm statute, under which Steve asserts personal jurisdiction, see Am. Compl. ¶ 4, and then to the federal constitutional requirements.

In relevant part, Virginia's long-arm statute provides that:

> A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
>
> 1. Transacting any business in this Commonwealth; . . .
>
> 3. Causing tortious injury by an act or omission in this Commonwealth; [or]
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods

4

used or consumed or services rendered, in
this Commonwealth. . . .

Va. Code §§ 8.01-328.1(A)(1), (A)(3), (A)(4); see also D'Addario v. Geller, 264 F.Supp. 2d 367, 379 (E.D. Va. 2003) (discussing that Virginia's long-arm statute is "a single act statute"). "Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, [so] the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002); see also Consulting Eng'rs Corp., 561 F.3d at 277; New Wellington, 416 F.3d at 294.

The federal constitutional predicate for the exercise of personal jurisdiction is the familiar requirement that: "a defendant must have sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Consulting Eng'rs Corp., 561 F.3d at 277 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Within that constitutional framework, there are two forms of personal jurisdiction: (1) "general jurisdiction," resulting from the defendant's "continuous and systematic" contacts and activities in the state, see ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.9 (1984)); or (2) "specific

5

jurisdiction" if "the defendant's contacts with the State are also the basis for the suit." ALS Scan, 293 F.3d at 712.

The exercise of general personal jurisdiction over an individual is limited. General personal jurisdiction requires that a defendant's activities in the State be "continuous and systematic, a more demanding standard than is necessary for establishing specific jurisdiction." Id. In other words, the defendant must be "essentially at home" in the forum. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011); 4 Wright & Miller, Fed. Prac. & Proc. Civ. § 1067.5 (4th ed., 2018 update). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. . . ." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (quoting Goodyear, 564 U.S. at 924).

The Fourth Circuit has formulated a three-part test to determine whether specific personal jurisdiction has been established. New Wellington, 416 F.3d at 295. As applied in this case, the Court must consider: (1) whether Diane purposely availed herself of the privilege of conducting activities in Virginia; (2) whether Steve's claims arise out of activities that Diane directed at Virginia; and (3) whether exercising personal jurisdiction is constitutionally reasonable. See id.

## II. Steve Has Established A Prima Facie Showing Of Specific Personal Jurisdiction

For the reasons set forth below, Steve has established a prima facie showing for specific personal jurisdiction. Accordingly, the MOTION will be denied.

### A. Materials The Court Considers In Deciding The Motion

As discussed above, the Court has not conducted an evidentiary hearing in this case. Accordingly, the Court decides the MOTION on the basis of the allegations in Steve's AMENDED COMPLAINT (ECF No. 9); Diane's ANSWER (ECF No. 14); and the parties' legal memoranda (ECF Nos. 13, 16, 17). Additionally, both parties have filed statements, pursuant to 28 U.S.C. § 1746, in support of their positions. See ECF No. 13, Exs. A and B; ECF No. 16, Ex. 1.

In her statement, Diane refutes many of the allegations made by Steve. And, in his statement, Steve reaffirms that the "amended complaint is a truthful and accurate statement of the facts as I know them and is based upon personal knowledge." ECF No. 16, Ex. 1. Because the statements, made under penalty of perjury, contradict each other, the Court considers them to be in equipoise and not dispositive of either side's position. On this record, then, the Court decides the MOTION on the basis of the allegations in the AMENDED COMPLAINT, the admissions in the ANSWER, and the parties' legal memoranda. And, the Court must view the allegations

7

in a favorable light to Steve. See <u>Sneha Media & Entm't, LLC</u>, 911 F.3d at 196.

### B. **General Personal Jurisdiction**

Before proceeding to specific personal jurisdiction, the Court briefly addresses Steve's argument that the Court has general personal jurisdiction over Diane. Steve's contention is that the Court has general personal jurisdiction over Diane because her contacts with Virginia "were and are continuous and systematic." ECF No. 16 at 4. In particular, Steve says that Diane owns some real property in Richmond; she keeps personal property in Richmond; she has communicated with George about the contracts that are at issue while he was in Richmond; she has been physically present on real estate business in Richmond on "numerous occasions"; and she has been the director of an art gallery that purportedly does business in Richmond. See ECF No. 16 at 4-6.

However, even reading Steve's allegations in a favorable light, the Court concludes that he has not made a prima facie showing of general personal jurisdiction. General jurisdiction requires that the defendant's contacts be "continuous and systematic" such that the defendant is "essentially at home" in the forum state. <u>Goodyear</u>, 564 U.S. at 919; <u>ALS Scan</u>, 293 F.3d at 711-12. The Fourth Circuit has instructed that general jurisdiction is a "more demanding standard" than specific jurisdiction. <u>ALS Scan</u>, 293 F.3d at 712. For an individual, like

8

Diane, the "paradigm" example of general personal jurisdiction is the individual's domicile. See Daimler, 571 U.S. at 137.

It is uncontroverted that "Diane is a citizen of Florida." Am. Compl. ¶ 2 (ECF No. 9). Thus, the "paradigm" example of general jurisdiction is not present in this case. Nor is the Court satisfied that Steve has established that Diane is "essentially at home" in Virginia. As detailed below, her contacts with Virginia are sufficient to establish a prima facie showing of specific jurisdiction. However, the allegations do not establish the sort of heightened contacts necessary for general jurisdiction.

### C. Specific Personal Jurisdiction

Steve has made a prima facie showing of specific personal jurisdiction. He has shown that: (1) Diane purposely availed herself of the privilege of conducting activities in Virginia; (2) Steve's claims arise out of activities that Diane directed at Virginia; and (3) exercising personal jurisdiction is constitutionally reasonable. See New Wellington, 416 F.3d at 295.

#### 1) Purposeful Availment

Several non-exclusive factors are assessed to determine whether Diane has purposefully availed herself of the privilege of conducting activities in Virginia, including whether: (1) Diane had offices or agents in Virginia; (2) Diane maintained property in Virginia; (3) Diane solicited business in Virginia; (4) Diane deliberately engaged in significant business activities in

9

Virginia; and (5) Diane made in-person contact with a Virginia resident respecting a business relationship. Also, consideration is given to the type of communications the parties had about the business being transacted. See Sneha Media & Entm't, LLC, 911 F.3d at 197-98; Consulting Eng'rs Corp., 561 F.3d at 278. Put another way, purposeful availment "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. . .or the unilateral activity of another party or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal quotations and citations omitted).

Considering these factors, Steve has established a prima facie showing that Diane purposely availed herself of conducting activities in Virginia, directly and through George. The AMENDED COMPLAINT alleges that, between 2008 and 2014, Diane intentionally interfered with and conspired with George to breach contracts between George and Steve. See Am. Compl. ¶¶ 6-40 (ECF No. 9). While Diane denies certain jurisdictional allegations made by Steve, including that she operated a business there, see ANSWER ¶ 2 (ECF No. 14), she admits other allegations that establish a prima facie showing of purposeful availment. Diane admits that she and George own real property in Richmond. See ANSWER ¶¶ 2, 4 (ECF No. 14). Diane also admits that she "has had numerous communications with George over the last ten (10) years while George has been physically present in Virginia." Id. And, she admits that she

maintained personal property (a vehicle and architect's drafting table) in Richmond, and allowed George to use the vehicle while he was present in Richmond. Id.

The allegations in the AMENDED COMPLAINT and the admissions of Diane satisfy the relevant factors.

### 2) Whether Steve's Claims Arise Out Of Diane's Contacts With Virginia

Diane's contacts with Virginia that are outlined above are almost all related to Steve's claims, and to the conduct that he alleges to be actionable. In essence, Steve is alleging that, even when Diane was not present in Virginia, she reached into Virginia to tortiously interfere with the contracts at issue. Either while Diane was here or through her communications with George while he was present in Richmond, Diane is alleged to have committed the tortious conduct alleged in the AMENDED COMPLAINT.

### 3) Whether Personal Jurisdiction Is Constitutionally Reasonable

Lastly, the exercise of specific personal jurisdiction against Diane is constitutionally reasonable. Several factors inform the analysis of this jurisdictional component: (1) the burden that litigating in the forum state places on Diane; (2) the interests of the forum state in adjudicating the dispute; (3) Steve's interest in efficient resolution of the dispute; and (4) the shared interest of the states in efficient dispute resolution

and furthering substantive social policies. See <u>Consulting Eng'rs Corp.</u>, 561 F.3d at 279.

It is true that litigating this case in Virginia does impose a burden on Diane compared to litigating it in Florida where she lives. However, Virginia is certainly not a foreign forum to Diane either. She owns real and personal property in Virginia; she has visited on numerous occasions; and she has, through George at least, conducted business here. Further, the properties that are the subject of the contract dispute are in Virginia and Steve is a Virginia resident. Thus, Virginia has a much stronger interest in the outcome of this case than does Florida (or any other jurisdiction). Lastly, litigating the case in Virginia will help prevent delay for Steve and ensure that the dispute is resolved in a more efficient way.

Under these circumstances, the exercise of specific personal jurisdiction over Diane is constitutionally reasonable.

## CONCLUSION

For the reasons set forth above, the Court concludes that Steve has established a prima facie showing of specific personal jurisdiction against Diane. The Defendant's MOTION UNDER RULE 12(B)(2) TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION (ECF No. 12) will be denied.

It is so ORDERED.

/s/ *Ree*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 15, 2019